IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| John D. Barrett, Sr., | ) | C/A No.: 1:14-2398-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion to admit new evidence filed on June 26, 2014. [Entry #10]. Plaintiff contends that the new evidence pertains to the period at issue, but was not submitted to the Appeals Council or to the Administrative Law Judge. [Entry #10-1 at 2]. The Commissioner was directed to file a response by July 14, 2014, but failed to do so. [Entry #10].

"Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence." *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972). "In determining whether the ALJ's decision is supported by substantial evidence, a district court cannot consider evidence which was not presented to the ALJ." *Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996).

However,

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further

> action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).

Because the Fourth Circuit has not directly addressed the issue of what constitutes "good cause" in this context, the undersigned has looked to decisions from other circuits. "In order to prove 'good cause,' a Claimant must 'demonstrat[e] a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.'" *Courter v. Comm'r of Soc. Sec.*, 479 Fed. Appx. 713, 725 (6th Cir. 2012) citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Willis v. Sec'y Health & Hum. Servs.*, 727 F.2d 551, 554 (1984) (per curiam). In *Whitman v. Colvin*, --- F.3d ---, 2014 WL 3896131 at *8 (8th Cir. August 7, 2014), the Eighth Circuit addressed whether the plaintiff's status as a pro se claimant evinced good cause under 42 U.S.C. §405(g). The court concluded that it did not, where the plaintiff was informed of his right to legal representation both in writing prior to the hearing and by the Administrative Law Judge at the hearing and he failed to obtain counsel or to provide objective, supporting evidence in his claim. *Id.*

Plaintiff argues about the newness and materiality of the evidence he seeks to admit, but his only argument for good cause for failure to incorporate such evidence into the record in a prior proceeding is a statement that current counsel did not represent him at the hearing. *See* [Entry #10-1 at 2]. Based on the case law set forth above, the undersigned is inclined to deny Plaintiff's motion. However, the undersigned will give

the parties the opportunity to brief the matter further. The Commissioner is directed to file a response to Plaintiff's motion to admit new evidence by October 8, 2014. Plaintiff may file a reply within 10 days of the filing of the Commissioner's response and should address any additional factors that demonstrate "good cause" for Plaintiff's failure to incorporate this evidence into the record during the administrative proceedings.

IT IS SO ORDERED.

September 17, 2014                         Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge