IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John D. Barrett, Sr., | ) | C/A No.: 1:14-2398-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff initially requested $6,606.25 in attorney's fees and expenses on the ground that he is a prevailing party under the EAJA. [ECF No. 34]. The Commissioner submits that the fees requested by Plaintiff's counsel are unreasonable and requests that Plaintiff's attorney's fees be reduced to $4,025.00. [ECF No. 35 at 1]. Plaintiff filed a reply to the Commissioner's response in which he maintained the requested fee was reasonable. [ECF No. 36]. For the reasons set forth below, the court grants Plaintiff's motion for attorney's fees in the amount of $6,606.25.

I.      Procedural Background

On July 26, 2010, Plaintiff filed applications for DIB and SSI in which he alleged his disability began on February 1, 2010. Tr. at 167–71, 173–93. His applications were denied initially and upon reconsideration. Tr. at 79–83, 86–88, 89–91. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued an unfavorable decision on December 7, 2012. Tr. at 19–40. In her decision, the ALJ found Plaintiff had

not been under a disability since the date the application was filed. Tr. at 35. Applying the five-step sequential process, the ALJ found that Plaintiff had severe impairments of disorders of the back, chronic obstructive pulmonary disease ("COPD"), blackouts, psychotic disorder, major depressive disorder with psychotic features, and paranoid personality traits. Tr. at 24. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 26. Further, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work, except that he could lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; frequently balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to extreme heat, hazards, fumes, odors, dusts, gases, and poor ventilation; was limited to routine, repetitive tasks and/or unskilled work with no public interaction; and could not perform work requiring a production-pace. Tr. at 28. Finally, the ALJ determined that Plaintiff was unable to perform any past relevant work, but that jobs existed in significant numbers in the national economy that he could perform. Tr. at 34–35.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. at 5–9. Thereafter, Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on June 16, 2014. [ECF No. 1]. On June 26, 2014, Plaintiff filed a motion to admit new evidence and on October 3, 2014, the Commissioner filed a

response in opposition to Plaintiff's motion. [ECF Nos. 10, 18]. The Commissioner subsequently filed an answer and a copy of the administrative record. ECF Nos. 21, 22. In his brief Plaintiff alleged several errors committed by the ALJ, including that the ALJ improperly assessed and failed to explain her findings regarding his RFC, that the ALJ failed to consider the entire record in assessing his credibility, and that the ALJ improperly considered the medical opinion evidence. [ECF No. 26]. However, Plaintiff conceded that, upon review of the record, he discovered that most of the evidence he sought to admit through his motion had been submitted at the administrative level and appeared in the record. [ECF No. 26 at 20]. The court subsequently denied Plaintiff's motion to admit new evidence as moot, but ordered the case be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 31 at 47].

II.   Discussion

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

Even where the Court finds that the Commissioner's position was not substantially justified, Plaintiff is entitled to EAJA compensation only for a reasonable amount of legal work. *See* 28 U.S.C. § 2412(d)(2)(A) (authorizing award of "reasonable" fees and other expenses); *Gough v. Apfel*, 133 F. Supp. 2d 878, 880 (W.D.Va. 2001). "Although counsel are entitled to full compensation for their efforts, '[i]t does not follow that the amount of time *actually* expended is the amount of time *reasonably* expended." *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986) (emphasis and alteration in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Plaintiff bears the burden of showing that the hours claimed under the EAJA are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983).

Because this court remanded the claim pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not make a substantial justification argument. However, the Commissioner argues that Plaintiff's attorney's fee should be reduced to $4,025.00 for 23 hours of work at the rate of $175.00 per hour and that the EAJA fee should be awarded directly to Plaintiff. [ECF No. 35 at 1].

The Commissioner argues that Plaintiff's entry for a half hour of attorney time for a notice of appearance, consent to jurisdiction by a United States Magistrate Judge, and review of records should be reduced in its entirety because it is vague and mingles three different actions into one entry and because the tasks were "clerical." [ECF No. 35 at 4–5]. The Commissioner cites a First Circuit case, *Lipsett v. Blanco*, 975 F.2d 934 at 937–38 (1st Cir. 1992), to advance her first objection to counsel's half hour time entry. *Id.* In

*Lipsett*, the court discussed its decision in *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952, (1st Cir. 1984), which announced that "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." *Id.* at 938. In *Lipsett*, the controversial time entries totaled 81.2 hours and were "so nebulous" that they did not allow the paying party to determine their accuracy or the reasonableness of the time spent. *Id.* The court finds that the half hour entry in this case is not egregious or so nebulous as to not allow the Commissioner to determine its accuracy or reasonableness. In fact, the entry specifically describes the three activities performed during the half hour in question. As for the nature of the activities performed, the court does not find that they were purely clerical activities. "Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees." 133 F. Supp. 2d at 880 (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989); *In re General Motors Corp.*, 110 F.3d 1003, 1024 (4th Cir. 1997)). "However, there are many activities which fall into the 'gray area' of tasks which may appropriately be performed by either an attorney or a paralegal." *Id.*; *see also* 491 U.S. at 288 n. 10. Because the court only allows attorneys to serve as Filing Users of the Electronic Case Filing ("ECF") System and because Filing Users are liable for any misuse of login credentials, counsel's filing of his notice of appearance and the consent to jurisdiction by a United States Magistrate Judge cannot be considered purely clerical. *See* CM/ECF Policies and Procedures at 1.3, 3.1, 3.4, 10.3 (D.S.C. 2006). Furthermore, Plaintiff's counsel submits that the majority of this time was spent reviewing records. [ECF No. 36 at 4]. In light of this evidence, the

court finds that the half hour of compensation in question was reasonable and that Plaintiff's counsel should be compensated for it.

The Commissioner argues counsel's requested time should be reduced by 4.5 hours for work related to the motion to admit new evidence. [ECF No. 35 at 5]. She argues counsel seeks compensation for three hours of work on June 26, 2014, for two phone calls and preparation of the motion to admit new evidence, but fails to indicate the specific amount of time spent on each task. *Id.* She further argues that filing of the amended complaint was a clerical task. *Id.* The Commissioner maintains that counsel's time related to the motion to admit new evidence was not reasonably expended because due diligence during counsel's consultation with Plaintiff on June 20, 2014, would have revealed that the evidence was already in the record. *Id.* at 6.

The court rejects the Commissioner's argument and finds that Plaintiff's counsel reasonably expended time related to the motion to admit new evidence. Although counsel met with Plaintiff on June 20, 2014, it is unlikely that Plaintiff provided his counsel with a detailed account of every piece of evidence in the record. [*See* ECF No. 34-3[. A review of Plaintiff's motion to admit new evidence reveals that he reviewed a copy of the ALJ's decision, but lacked access to the transcript. [ECF Nos. 10, 10-1 at 1–2]. Based on his review of the ALJ's decision, counsel concluded the evidence in question was not in the record. [ECF No. 10-1]. A review of the transcript revealed counsel's conclusion to be erroneous, but he did not realize his error until after he received a copy of the transcript. [ECF No. 36 at 1]. Because sentence six of 42 U.S.C. § 405(g) allows for remand on motion of the Commissioner prior to the filing of an answer and transcript and because

Plaintiff could have reasonably assumed the evidence attached to the motion might persuade the Commissioner to consent to remand, it was reasonable for Plaintiff to file the motion to admit new evidence before he could confirm the exact contents of the transcript. The court agrees with Plaintiff's argument that time is of the essence in filing a motion to admit new evidence and finds that Plaintiff's counsel should be compensated for his good faith effort to protect his client's interests in light of the evidence available to him at the time the motion was filed. [*See* ECF No. 36 at 3–4]. The court further finds that counsel's time entries were sufficiently detailed and accepts at face value counsel's statement that he did not bill for his secretary's clerical duties, but only for those duties he performed himself that were essential to drafting a well-reasoned argument. [*See* ECF No. 36 at 4–5]. Therefore, the court finds Plaintiff's counsel should be compensated for the 4.5 hours related to the motion to admit new evidence.

Finally, the court finds that Plaintiff reasonably spent 18.5 hours on his brief, 11.25 hours on his reply brief, and two hours preparing the EAJA fee petition. The Commissioner argues these activities should have required less time than counsel expended because Plaintiff presented no novel arguments, cited no new cases, and recited arguments advanced in prior cases. [ECF No. 35 at 7–11]. The Commissioner provides no objective argument for her suggested time reductions and Plaintiff certified to this court his actual time spent. [*See* ECF Nos. 34 at 2, 35 at 7–11]. Therefore, the court relies upon Plaintiff's certification of actual time expended and finds that the time he certified was reasonable for the work he performed.

III.     Conclusion

For the foregoing reasons, the court does not find any special circumstances that make an award of attorney's fees unjust. Accordingly, the court grants Plaintiff's motion and directs the Commissioner to pay Plaintiff $6,606.25. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528–29 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court orders the EAJA fees to be paid to Plaintiff and mailed to the business address of Plaintiff's counsel for disbursement as provided in the contractual agreement between Plaintiff and his counsel.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 11, 2015
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge