IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| John D. Barrett, Sr., | ) | C/A No.: 1:14-2398-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the court on Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b). [ECF No. 39]. On February 13, 2015, the court reversed the Commissioner's decision that had denied Plaintiff's claim for social security disability benefits and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 31]. On May 11, 2015, the court issued an order granting Plaintiff's motion for fees under the Equal Access to Justice Act ("the EAJA") and directing the Commissioner to pay Plaintiff $6,606.25. [ECF No. 38]. On March 18, 2016, counsel informed the court that the Commissioner subsequently awarded total past-due benefits in the amount of $104,123.80. [ECF No. 39 at 1]. Counsel requested that the court authorize a fee in the amount of $24,801.00, which represents 25% of past-due benefits[1] resulting from the claim, as agreed to by Plaintiff in

---

[1] Although $24,801.00 is not 25% of the total past due benefits of $104,123.80, it appears that the total accrued benefits payable to the claimant included benefits for months that were not included for the purpose of calculating the attorney fees. *Compare* ECF No. 39-3 at 2 (indicating that Plaintiff will receive $79,322.80 for the period from July 2010

the contingent fee agreement dated June 23, 2014. [ECF Nos. 39, 39-4]. The Commissioner subsequently filed a response in support of counsel's request for attorney fees. [ECF No. 40]. The court has considered the motion for fees, and for the reasons that follow, the court approves the motion under 42 U.S.C. § 406(b), as set forth herein.

I.     Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. However, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which provides for a contingent fee of "25% of the recovery from this case." *See* ECF No. 39-4.

---

through December 2015), with ECF No. 39-3 at 4 (indicating that $24,801.00 was withheld to represent 25% of past-due benefits for the period through September 2015).

2

Because the fee agreement is presumptively valid under the Supreme Court's ruling in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Counsel represented the claimant over a period of approximately a year-and-a-half in both administrative and district court proceedings. *See* ECF Nos. 22-2 at 3, 39-1 at 1. Counsel obtained total past-due benefits on claimant's behalf in the amount of $104,123.80 for the period from July 2010 through December 2015. [ECF No. 39-3 at 2]. In consideration of the nature of the representation at both the administrative and district court levels, the period of the representation, and the amount of past-due benefits obtained for Plaintiff, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court. Although counsel requested one extension, he filed his brief within 10 days of the initial due date.[2] *See* ECF Nos. 21, 23, 26.

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 35.75 hours at the district court level. *See* ECF Nos. 39-1 at 1. Although an hourly rate of $693.00 seems exorbitant, the undersigned may consider as part of the

---

[2] Because the Commissioner filed her answer on October 22, 2014, Plaintiff's brief was initially due on November 24, 2014. [ECF No. 21]. Plaintiff filed a motion for a 30-day extension on October 23, 2014, which was granted by order of the court on the same day. *See* ECF Nos. 23, 24. Counsel subsequently filed a brief on December 3, 2014, more than three weeks before the extended deadline of December 29, 2014. *See* ECF Nos. 24, 26.

reasonableness determination the work expended by counsel at the agency level. *See Mudd v. Barnhardt*, 418 F.3d 424, 428 (4th Cir. 2005) (while the court may not award attorney's fees based on the attorney's work at the agency level, the court may consider "as one factor in its reasonableness determination, the work performed by counsel on the case when it was pending at the agency level"). The court remanded the case to the agency on February 13, 2015. [ECF No. 31]. Counsel represented Plaintiff at the agency level from February 2015 until a favorable determination was rendered in October 2015. [ECF No. 39-3]. Based on the length of the administrative process and result achieved, the undersigned concludes that counsel likely devoted substantial time to the claim at the administrative level. Therefore, the undersigned concludes that the requested fee is not unreasonably large in comparison to the amount of time counsel spent on the case.

The court finds that the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. The court grants counsel's motion for fees under 42 U.S.C. § 406(b) and approves a total attorney's fee of $24,801.00.

II.    Refund of EAJA Fees

The *Gisbrecht* Court directed that the attorney should refund the smaller fee to "the claimant" when the attorney obtained fees under both the EAJA and 42 U.S.C. § 406(b). Therefore, the court directs counsel, upon receipt of the total fee approved herein, to refund to Plaintiff the $6,606.25 EAJA fee paid in this action.

IT IS SO ORDERED.

April 7, 2016  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

5